| | |
|---|---|
| CLAUDIO CASTILLO, | IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA |
| Plaintiff, | |
| v. | CASE NO: 18-008226-CA-01 (08) |
| CITY OF MIAMI BEACH, a municipal corporation, and ADAYMIS ORTIZ, individually, | |
| Defendants. _____/ | |

## ALIAS SUMMONS FOR PERSONAL SERVICE ON NATURAL PERSON

**TO/PARA/A:** ADAYMIS ORTIZ
n/k/a ADAYMIS RODRIGUEZ (Badge #1024),
as Police Officer of the City of Miami Beach

Miami Beach Police
1100 Washington Avenue
Miami Beach, FL 33139

### IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the Plaintiff/Plaintiff's Attorney named below.

### IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los
nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo

1

aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como Plaintiff/Plaintiff's Attorney (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au Plaintiff/ Plaintiff's Attorney (Plaignant ou a son avocat) nomme ci-dessous.

**Christopher M. Brown, Esq.**
**Law Offices of Brown & Associates, P.A.**
**Attorneys for Plaintiff**
**12 Southeast 7th Street, Suite 700**
**Ft. Lauderdale, FL 33301**
**Telephone: (954) 764-6828 | Fax: (954) 764-0287**

THE STATE OF FLORIDA:
To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the complaint in this lawsuit on the above-named defendant.

DATED on ___6/26/2018___, 2018

CLERK OF THE CIRCUIT COURT (SEAL)
Harvey Rubin, As Clerk of the Court

By _Gonelle Brown_  164659
   As Deputy Clerk

## **VERIFIED RETURN OF SERVICE**

| State of Florida | County of Miami-Dade | Circuit Court |
|---|---|---|

Case Number: 18-008226-CA-01

Plaintiff:
**CLAUDIO CASTILLO,**

vs.

Defendant:
**CITY OF MIAMI BEACH A MUNICIPAL CORPORATION AND ADAYMIS ORTIZ INDIVIDUALLY,**

JVS2018005302

For:
Christopher M Brown
Law Offices of Brown & Associates, PA

Received by COMPASS INVESTIGATIONS on the 2nd day of July, 2018 at 12:12 pm to be served on **ADAYMIS ORTIZ N/K/A ADAYMIS RODRIGUEZ (BADGE# 1024) AS POLICE OFFICER OF THE CITY OF MIAMI BEACH, 1100 WASHINGTON AVENUE, MIAMI BEACH, FL 33139**.

I, Cesar Carias, do hereby affirm that on the **21st day of July, 2018** at **10:20 pm**, I:

**INDIVIDUALLY/PERSONALLY** served by delivering a true copy of the **ALIAS SUMMONS PERSONAL SERVICE ON A NATURAL PERSON and COMPLAINT AND DEMAND FOR JURY TRIAL** with the date and hour of service endorsed thereon by me, to **ADAYMIS ORTIZ N/K/A ADAYMIS RODRIGUEZ (BADGE# 1024)** at the address of: **1100 WASHINGTON AVENUE, MIAMI BEACH, FL 33139**, and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 35, Sex: F, Race/Skin Color: Hispanic, Height: 5'7", Weight: 115, Hair: Black, Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true. No Notary Required pursuant to F.S. 92.525(2).

**Cesar Carias**
CPS #1582

**COMPASS INVESTIGATIONS**
10 South New River Drive, East
Suite 205
Fort Lauderdale, FL 33301
(954) 527-5722

Our Job Serial Number: JVS-2018005302
Ref: Christopher Brown

Copyright © 1992-2018 Database Services, Inc. - Process Server's Toolbox V7.1i

Filing # 73753426 E-Filed 06/19/2018 10:24:19 AM

| | |
|---|---|
| CLAUDIO CASTILLO,<br><br>     Plaintiff,<br><br>v.<br><br>CITY OF MIAMI BEACH, a municipal corporation, and ADAYMIS ORTIZ, individually,<br><br>     Defendants.<br>_____/ | IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA<br><br>CASE NO: 18-008226-CA-01 (08)<br><br>REC'D ON: 7/21/18<br>SERVED: P/S<br>DATE: 7/21/18  TIME: 10:20 PM<br>SERVED BY: CC #1582 |

## ALIAS SUMMONS FOR PERSONAL SERVICE ON NATURAL PERSON

**TO/PARA/A:**   ADAYMIS ORTIZ
n/k/a ADAYMIS RODRIGUEZ (Badge #1024),
as Police Officer of the City of Miami Beach

Miami Beach Police
1100 Washington Avenue
Miami Beach, FL 33139

### IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the Plaintiff/Plaintiff's Attorney named below.

### IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los
nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo

1

aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como Plaintiff/Plaintiff's Attorney (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au Plaintiff/ Plaintiff's Attorney (Plaignant ou a son avocat) nomme ci-dessous.

**Christopher M. Brown, Esq.**
**Law Offices of Brown & Associates, P.A.**
**Attorneys for Plaintiff**
**12 Southeast 7th Street, Suite 700**
**Ft. Lauderdale, FL 33301**
**Telephone: (954) 764-6828 | Fax: (954) 764-0287**

THE STATE OF FLORIDA:
To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this summons and a copy of the complaint in this lawsuit on the above-named defendant.

DATED on    6/26/2018   , 2018

CLERK OF THE CIRCUIT COURT (SEAL)
Harvey Rubin, As Clerk of the Court
By _Ponella Brown_ 164659
    As Deputy Clerk

CLAUDIO CASTILLO,

    Plaintiff,

v.

CITY OF MIAMI BEACH, a municipal corporation, and ADAYMIS ORTIZ, individually,

    Defendants.
_____/

IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO:

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, CLAUDIO CASTILLO, (hereinafter referred to as "CASTILLO") by and through the undersigned counsel and hereby sues the Defendant, CITY OF MIAMI BEACH, (hereinafter referred to as "CITY"), and ADAYMIS ORTIZ, (hereinafter referred to as "ORTIZ") and alleges:

1. This is an action brought for damages in excess of $15,000.00 exclusive of costs, interest and attorney's fees.

2. That at all times hereinafter mentioned, Plaintiff, CASTILLO was and is a resident of Jacksonville, Florida.

3. That at all times material hereto, the Defendant, CITY OF MIAMI BEACH, was and is a municipal corporation, body politic, duly existing by virtue of the laws of the State of Florida, with the power and authority to carry out municipal functions, including the operation of a police department known as the MIAMI BEACH Police Department and employed Police Officer, ORTIZ.

4. That at all times material hereto, the Defendant, ORTIZ, was a resident of Miami-Dade County, Florida, over the age of eighteen (18) and otherwise *sui juris*.

1

5. Jurisdiction for the instant action is proper as all Defendants reside and/or do business in Miami-Dade County, Florida and the acts complained of occurred in Miami-Dade County, Florida.

6. Plaintiff, CASTILLO presented his claim in writing to the Defendant, CITY by means of a letter of demand for damages pursuant to the provisions of Florida Statute 768.28 within two (2) years of the accrual of cause of action.

7. The Defendant, CITY never made a final disposition of the written claims of Plaintiff, CASTILLO within six (6) months of their presentation.

8. Plaintiff, CASTILLO has fully complied with all conditions precedent to bringing this action imposed by the laws of the State of Florida, and particularly by the provisions of §768.28 of the Florida Statutes.

## FACTUAL BACKGROUND

9. On or about September 1, 2014, the Defendant, CITY received 911 calls and other emergency assistance calls providing the Defendant, CITY with information that Plaintiff, CASTILLO and others were in need of assistance.

10. On or about September 1, 2014, in response to the calls, the Defendant, CITY dispatched several officers to the subject location.

11. Defendant, ORTIZ was one of the City's officers who responded to the dispatch.

12. Prior to the arrival of the officers, Plaintiff, CASTILLO was engaged in a verbal conversation with others at the scene.

13. This verbal conversation escalated in to a physical altercation when Plaintiff, CASTILLO was attached by an unknown person.

14. Plaintiff, CASTILLO was lawfully defending himself from this attack.

2

15. Also, at this time two other individuals were engaged in an altercation not involving Plaintiff, CASTILLO.

16. When Officer ORTIZ arrived on the scene, approximately 300 Lincoln Rd, Miami Beach FL 33139.

17. Officers on the scene gave commands to "stop it".

18. After that Plaintiff, CASTILLO back away from all others which had engaged with him.

19. Plaintiff, CASTILLO raised up both hands in the air with his palms facing the officers.

20. At that time Plaintiff, CASTILLO was not posing an immediate threat to any particular officer or the general public.

21. At that time Plaintiff, CASTILLO was given various verbal commands by the officers on the scene which Plaintiff, CASTILLO complied with.

22. Apparently as a result of the perceived noncompliance from Plaintiff, CASTILLO, Defendant, ORTIZ without warning tased Plaintiff, CASTILLO an undetermined amount of times.

23. As a result of being tased Plaintiff, CASTILLO went down to the grown striking his head on the pavement.

24. While Plaintiff, CASTILLO was on the ground, Defendant, ORTIZ had cuffed Plaintiff, CASTILLO.

25. At no time during this incident with the Defendant, CITY OF MIAMI BEACH's Police Department and Defendant, ORTIZ, did the Plaintiff, CASTILLO pose a threat of harm to anyone.

26. As a result of the incident, the Plaintiff, CASTILLO suffered personal injuries and was taken by the EMS to Mount Sinai Medical Center located at 4300 Alton Rd, Miami, FL 33140 for treatment.

27. There after Plaintiff, CASTILLO was taken into custody and charged with one count of aggravated battery and one count of battery.

28. On September 18, 2014 Plaintiff, CASTILLO was accepted into the pretrial diversion program.

29. On June 8, 2015 the above referenced charges were NOLLE PROS.

30. Plaintiff has retained the Law Offices of Brown & Associates, P.A. and other attorneys, to represent them in this matter and has agreed to pay a reasonable fee for its services.

## COUNT I
## BATTERY – DEFENDANT, CITY OF MIAMI BEACH

Plaintiff, CASTILLO adopts, realleges, reaffirms and incorporates by reference paragraphs 1-30 as if fully set forth herein and further states:

31. At all times material hereto, Defendant, ORTIZ was acting within the course and scope of her employment with the CITY OF MIAMI BEACH and in furtherance of their interests.

32. At all times material hereto, the Defendant, CITY OF MIAMI BEACH, their agents, servants and/or employees including but not limited to Defendant, ORTIZ intended to cause bodily harm/offensive contact to the Plaintiff, CASTILLO by using excess force against him, by tasing Plaintiff, CASTILLO and causing him to fall and strike his head on the pavement.

33. At all times material hereto, the Plaintiff, CASTILLO did not consent to such bodily harm/offensive contact.

34. The unreasonable and unnecessary use of force by Defendant, ORTIZ was clearly excessive and objectively unreasonable under the circumstances, and resulted, as Defendant, ORTIZ reasonably should have foreseen, in a harmful and offensive contact of Plaintiff, CASTILLO against his will. The conduct of Defendant, ORTIZ constitutes battery/unnecessary force under the laws of the State of Florida, pursuant to Coral Springs Police Department v. Sanders, 672 So.2d 46, 47 (3rd DCA 1996).

35. The conduct of Defendant, ORTIZ, as set forth herein, occurred within the course and scope of her employment as a law enforcement officer for Defendant, CITY. Pursuant to §768.28 (9)(a) of the Florida Statutes, Defendant, CITY is liable to Plaintiff, CASTILLO in tort for battery/unnecessary use of force, based upon the conduct of Defendant, ORTIZ.

36. As a direct and proximate result of Defendant, CITY OF MIAMI BEACH's, actions or inactions, the Plaintiff, CASTILLO suffered serious personal injuries.

37. As a further direct and proximate result of the battery of the Defendant, CITY OF MIAMI BEACH, Plaintiff, CASTILLO has suffered, and will suffer the following injuries, losses and damages:

   a. Incurred medical expenses in the treatment of his injuries which will continue into the future;
   b. Loss of enjoyment of life, comfort, and mental pain and suffering;
   c. Loss of income and earing ability;
   d. All other damages allowed by law; and
   e. Any other relief this Court deems appropriate.

**WHEREFORE**, Plaintiff, CASTILLO prays this Court assess compensatory damages against the Defendant, CITY in excess of Seventy Five Thousand ($75,000.00) Dollars together

with all other relief as requested herein and such other and further relief as this Court deems just and proper under the circumstances.

## COUNT II
## BATTERY – DEFENDANT, ORTIZ

Plaintiff, CASTILLO adopts, realleges, reaffirms and incorporates by reference paragraphs 1-30 as if fully set forth herein and further states:

38. Alternatively to the allegations set forth in Count I of Plaintiff's Amended Complaint, and pursuant to Florida Rules of Civil Procedure and §768.28 (9)(a) of the Florida Statutes, Plaintiff alternatively alleges that the conduct of Defendant, ORTIZ occurred outside the course and scope of her employment as a police officer for Defendant CITY, in bad faith, with malicious purpose, or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. Defendant, ORTIZ, therefore, is individually liable to Plaintiff in tort for battery/unnecessary use of force.

39. Defendant, ORTIZ, in her individual capacity, intentionally, unnecessarily, and without legal justification, tased Plaintiff, CASTILLO, causing great bodily harm.

40. At all times material hereto, Defendant, ORTIZ intended to cause bodily harm/offensive contact to the Plaintiff, CASTILLO by using excessive force against him, by tasing him.

41. At all times material hereto, the Plaintiff, CASTILLO did not consent to such bodily harm/offensive contact.

42. The force used by Defendant, ORTIZ, in her individual capacity, was unreasonable and unnecessary for Defendant, ORTIZ to defend himself, or any other person, from bodily harm.

43. The unreasonable and unnecessary use of force by Defendant, ORTIZ was clearly excessive and objectively unreasonable under the circumstances, and resulted, as Defendant, ORTIZ reasonably should have foreseen, in a harmful and offensive contact of Plaintiff, CASTILLO against his will. The conduct of Defendant, ORTIZ constitutes battery/unnecessary force under the laws of the State of Florida, pursuant to Coral Springs Police Department v. Sanders, 672 So.2d 46, 47 (3rd DCA 1996).

44. As a direct and proximate result of Defendant, ORTIZ's, actions or inactions, the Plaintiff, CASTILLO suffered serious personal injuries.

45. As a further direct and proximate result of the battery of the Defendant, ORTIZ, Plaintiff, CASTILLO has suffered, and will suffer the following injuries, losses and damages:

   a. Incurred medical expenses in the treatment of his injuries which will continue into the future;

   b. Loss of enjoyment of life, comfort, and mental pain and suffering;

   c. Loss of income and earing ability;

   d. All other damages allowed by law; and

   e. Any other relief this Court deems appropriate.

**WHEREFORE**, Plaintiff, CASTILLO prays this Court assess compensatory damages against the Defendant, ORTIZ, in excess of Seventy Five Thousand ($75,000.00) Dollars together with all other relief as requested herein and such other and further relief as this Court deems just and proper under the circumstances.

## COUNT III
## VIOLATION OF 42 U.S.C. § 1983 – DEFENDANT, CITY OF MIAMI BEACH

Plaintiff, CASTILLO adopts, realleges, reaffirms and incorporates by reference paragraphs 1-30 as if fully set forth herein and further states:

46. This count is brought pursuant to 42 U.S.C. §§1983, 1988, the Fourth Amendments to the United States Constitution and the tort law of Florida. Jurisdiction is founded on 28 U.S.C. §§1331, 1343, 42 U.S.C. §1988, the constitutional provisions mentioned above, and under the tort law of Florida.

47. Prior to and including September 1, 2014 and at all times material hereto, the official policy makers of the CITY OF MIAMI BEACH were the City Commission and/or the City Manager.

48. Prior to September 20, 2014, the CITY OF MIAMI BEACH, by and through their police department, developed policies and customs exhibiting deliberate indifference to the constitutional rights of their citizenry that were the moving force behind the violation of the CASTILLO's rights.

49. The CITY OF MIAMI BEACH had an unofficial/defacto policy/custom, tolerating the use of excessive force by members of its police department.

50. Said policies were so widespread and well settled within the CITY OF MIAMI BEACH that it constituted custom and usage with the force of law.

51. It was the policy of the CITY OF MIAMI BEACH to inadequately train, supervise and discipline their officers for their overall misconduct, use of excessive force and deadly force so that said conduct would not be sanctioned; but, tolerated.

52. The CITY OF MIAMI BEACH had a policy tolerating police misconduct, the use of excessive force and deadly force.

53. The official policy makers were on actual and/or constructive notice of the widespread practice of excessive force within its police department.

54. As a direct and proximate result of the CITY OF MIAMI BEACH's unofficial policy/custom tolerating the use of excessive force, the CITY OF MIAMI BEACH allowed members of its police department, including but not limited to Officer, ORTIZ to violate the fourth Amendment rights of its citizenry without fear of a thorough investigation into their actions and fear of any meaningful discipline for their actions.

55. These policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY OF MIAMI BEACH to the Constitutional rights of persons within the City and were the moving force of the violations of the CASTILLO's rights alleged herein.

56. As a direct and proximate result of the actions of Defendant, CITY, Plaintiff CASTILLO has suffered, and will suffer the following injuries, losses and damages:

   a. Incurred medical expenses in the treatment of his injuries which will continue into the future;
   b. Loss of enjoyment of life, comfort, and mental pain and suffering;
   c. Loss of income and earing ability;
   d. Net accumulations and other economic damages, including all other damages allowed by law; and
   e. Any other relief this Court deems appropriate.

**WHEREFORE**, Plaintiff, CASTILLO prays this Court assess compensatory damages against the Defendant City, in excess of Seventy Five Thousand ($75,000.00) Dollars together with reasonable attorney's fees and costs as provided in 42 U.S.C. §1988, all other relief as requested herein and such other and further relief as this Court deems just and proper under the circumstances.

## COUNT IV
## VIOLATION OF 42 U.S.C. § 1983 - DEFENDANT, ORTIZ

Plaintiff, CASTILLO adopts, realleges, reaffirms and incorporates by reference paragraphs 1-30 as if fully set forth herein and further states:

57. This count is brought pursuant to 42 U.S.C. §§1983, 1988, the Fourth Amendments to the United States Constitution and the tort law of Florida. Jurisdiction is founded on 28 U.S.C. §§1331, 1343, 42 U.S.C. §1988, the constitutional provisions mentioned above, and under the tort law of Florida.

58. At all times material hereto, Defendant, ORTIZ, was acting under color of law, to- wit: under color of the statutes, ordinances, regulations, customs and usages of the United States and of the State of Florida and the City's Police Department, pursuant to their respective authority to maintain a municipal police department.

59. At all times material hereto, Defendant, ORTIZ, operated to violate the Plaintiff, Castillo's right not to be subjected to cruel or unusual punishment as secured to him under the Fourth, Eighth and Fourteenth Amendment to the Constitution of the United States of America. These violations were of a type and character as to which any reasonable person would be aware.

60. The force used by Defendant, ORTIZ against Plaintiff, CASTILLO while acting under color of state law, was unnecessary for Defendant, ORTIZ to defend himself, or any other person, from bodily harm during the arrest of Plaintiff, CASTILLO.

61. Defendant, ORTIZ, further operated to violate Plaintiff, CASTILLO's civil rights as protected by The Civil Rights Act , 42 U.S.C. § 1983.

62. As a direct and proximate result of the unlawful conduct of Defendant, ORTIZ, as aforesaid, the Plaintiff, CASTILLO was deprived of his civil rights.

63. The aforesaid excessive and unjustified acts of Defendant, ORTIZ were performed knowingly, intentionally, and maliciously, and/or were performed in a reckless manner with callous indifference to the health, safety and civil rights of the Plaintiff, CASTILLO.

64. The force used by Defendant, ORTIZ against Plaintiff, CASTILLO was objectively unreasonable, and constitutes the excessive use of force, in violation of Plaintiff, CASTILLO's clearly established constitutional rights under the Fourth Amendments and 42 U.S.C. §1983.

65. At no time did the Plaintiff, CASTILLO engage in any actions that would justify the use of force as described above.

66. The force used by Defendant, ORTIZ, was used intentionally to inflict pain and injury and not for lawful purposes.

67. Defendant, ORTIZ, acted with knowledge of the unconstitutional nature of her actions and/or inactions, agreed to and did use excessive and unjustified force on the Plaintiff, CASTILLO.

68. Defendant, ORTIZ's, willful and deliberate tasing of the Castillo violated his constitutional rights under the Fourth, Eighth and Fourteenth Amendment, and was the direct and proximate cause of Plaintiff, CASTILLO's injuries and damages.

69. As a direct and proximate result of Defendant, ORTIZ's actions Plaintiff, CASTILLO has suffered, and will suffer the following injuries, losses and damages:

   a. Incurred medical expenses in the treatment of his injuries which will continue into the future;
   b. Loss of enjoyment of life, comfort, and mental pain and suffering;
   c. Loss of income and earing ability;

    d.  Net accumulations and other economic damages, including all other damages allowed by law; and

    e.  Any other relief this Court deems appropriate.

**WHEREFORE**, Plaintiff, CASTILLO prays this Court assess compensatory damages against the Defendant, ORTIZ, in excess of Seventy Five Thousand ($75,000.00) Dollars together with reasonable attorney's fees and costs as provided in 42 U.S.C. §1988, all other relief as requested herein and such other and further relief as this Court deems just and proper under the circumstances.

### COUNT V - FALSE ARREST AND FALSE IMPRISONMENT

Plaintiff, CASTILLO repeats and realleges Paragraphs 1 through 30 above as if more fully set forth herein and further alleges:

70.    This is an action for damages.

71.    Defendant, ORTIZ unlawfully and falsely arrested Plaintiff, CASTILLO.

72.    As a result of this false arrest and imprisonment, Plaintiff, CASTILLO was detained at the scene and at the City of Miami Beach Police Department and Miami-Dade County Jail; charged with the offense of aggravated battery and battery, a criminal act pursuant to the laws of Florida; and imprisoned and deprived of his liberty against his will at the initial scene, the City of Miami Beach Jail and the Miami-Dade County Jail.

73.    As a direct and proximate result of these acts, Plaintiff, CASTILLO suffered the following damages:

    a.  suffered mental and physical pain from his injuries received at the hands of Defendant, ORTIZ;

    b.  Lost time from work;

    c.  incurred medical expenses in the treatment of his injuries which will continue in the future;

12

    d.    incurred the expense of hiring an attorney to represent him.

**WHEREFORE**, Plaintiff, CASTILLO demands Judgment against Defendants, ORTIZ and CITY in excess of Five Thousand ($75,000) Dollars, together with interest, costs and attorney's fees pursuant to §768.28(8), Florida Statutes, and such other relief as this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff, CASTILLO hereby demands a trial by jury on all issues so triable.

Law Offices of Brown & Associates, P.A.
Attorneys for Plaintiff
12 Southeast 7th Street, Suite 700
Ft. Lauderdale, FL 33301
Telephone: (954) 764-6828
Fax: (954) 764-0287
Email: law_brown@msn.com

By: */s/ CHRISTOPHER M. BROWN*
     Christopher M. Brown, Esq.
     Fla. Bar 0056170